# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SAMUEL T.,**
**Petitioner Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-20**        (Fam. Ct. Kanawha Cnty. No. 22-D-808)

**TARA T.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Samuel T.[1] appeals the "Final Order Regarding Child Custody, Child Support, Spousal Support, and Equitable Distribution" entered by the Family Court of Kanawha County on December 16, 2022. Samuel T. asserts that the family court, among other things, erred when it determined that his home was unsuitable for his minor children to reside in full-time. Respondent Tara T. did not file a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Samuel T. and Tara T. share three minor children, namely, S.J.T., now age eleven, S.L.T., now age seven, and N.L.T., now age six. The parties were divorced by order entered on October 11, 2022, in a bifurcated proceeding, wherein Samuel T. was ordered to pay child support in the amount of $526.00 per month. A second hearing was held on November 15, 2022, during which the family court ordered the parties to file financial disclosures, a witness list, and an exhibit list by November 25, 2022. The family court entered its order memorializing this deadline on November 30, 2022. Samuel T. filed his financial statement on November 29, 2022, four days past the deadline and did not serve Tara T. with a copy. Samuel T. also failed to file witness and exhibit lists.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Samuel T. is self-represented. Tara T. did not participate in the appeal.

1

A final hearing to address parenting was held on December 7, 2022. At the hearing, Tara T. requested that her financial disclosure be accepted as accurate, due to the untimeliness of Samuel T.'s financial disclosure, pursuant to Rule 13(b) of the West Virginia Rules of Practice and Procedure for Family Court and West Virginia Code § 48-7-206(1) (2001). Tara T. further objected to any of Samuel T.'s witnesses or exhibits being introduced because they were also untimely. The family court granted both requests and declined Samuel T. the opportunity to submit a financial disclosure, call witnesses, or introduce evidence during the hearing.

At the hearing on December 7, 2022, the family court determined that Tara T. had met her burden of proof in rebutting the presumption of a 50-50 custodial allocation for the following reasons: (1) Samuel T. had only made one $300 child support payment, making him willfully non-compliant with the family court's first order, (2) Samuel T. had not been significantly involved in the children's lives prior to the hearing, (3) Samuel T.'s home was unsuitable,[3] (4) the likelihood that Samuel T. had committed domestic violence against Tara T., (5) a 50-50 custodial allocation was impractical because the parties lived approximately 1.5 hours from one another, and (6) the family court found Tara T.'s testimony to be more credible than Samuel T.'s testimony. Accordingly, the family court ruled that Tara T. would be the primary residential parent of all three minor children and Samuel T. would have unsupervised visitation every Friday at 6:30 p.m. until Sunday at 6:30 p.m. as well as unsupervised telephone calls with the children on Mondays, Wednesdays, and Fridays at 8:00 p.m.

As to equitable distribution, the family court awarded Samuel T. the parties' mobile home, Honda Accord, Chrysler Town and Country van, guinea pig, and household goods, valued at $4,413.39. Rather than ordering Samuel T. to pay Tara T. one-half of the equitable distribution amount in the form of an equitable distribution judgement, the family court ordered Samuel T. to pay Tara T. a lump sum payment of $2,206.70 in the form of spousal support, which would prevent the balance from later being discharged in bankruptcy. The final order was entered on December 16, 2022. It is from that order that Samuel T. now appeals.

Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion

---

[3] Because Samuel T. lives in a three-bedroom mobile home with three other adult men, the family court determined that there was not enough room in the home for Samuel T. to have primary residential parent status.

2

standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at \*3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Samuel T. contends that the family court abused its discretion by (1) refusing to allow him to call witnesses, (2) failing to appoint a guardian ad litem, (3) awarding spousal support to Tara T., and (4) determining that his home is unsuitable for the minor children. We will address each assignment of error in turn.

First, with regard to Samuel T. not being permitted to call witnesses, "[t]he family court judge has the authority to manage the business before them" and "prevent abuse of process." W. Va. Code § 51-2A-7(a)(1), (6) (2013). Samuel T. failed to file a witness list by the deadline set by the family court. Therefore, the family court did not abuse its discretion by disallowing Samuel T. from calling witnesses.

Second, with regard to the appointment of a guardian ad litem, Rule 47(a) of the Rules of Practice and Procedure for Family Court states, "[c]ourts shall not routinely assign guardians ad litem" absent "substantial allegations of domestic abuse." In the case at bar, there were no substantial allegations of domestic abuse. Therefore, we find that the family court did not abuse its discretion by not appointing one.

Regarding Samuel T.'s third assignment of error on the issue of spousal support, the family court awarded Tara T. a lump sum spousal support payment in the amount of $2,206.70, in lieu of equitable distribution. Tara T. was already entitled to one-half of the equitable distribution balance; the family court opted to award it to Tara T. in the form of spousal support to prevent the balance from being discharged in bankruptcy. Therefore, we cannot find that the family court abused its discretion by awarding Tara T. the amount she was entitled to in a more secure form.

Last, regarding Samuel T.'s argument that the family court erred when it determined that his home was unsuitable for the parties' three minor children, the Supreme Court of Appeals of West Virginia has consistently held that, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n.9 (1995). Upon review of the record, it is clear that the family court considered evidence presented by both parties regarding their living situations and did not err in its determination that Samuel T.'s home is unsuitable for the minor children at this time due to having insufficient space in the home.

Samuel T.'s brief primarily consists of his disagreement with the proceedings below and his unsubstantiated allegations against Tara T. Further, Samuel T. fails to provide support for his arguments. As such, we find no basis in law to warrant relief.

Accordingly, based on the foregoing, we affirm the family court's December 16, 2022, order.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4